

**SESSIONS FISHMAN & NATHAN** LLP
ATTORNEYS
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
www.sessions-law.com

DAVID ISRAEL
Office: 504-828-3700
Cell: 504-669-0234
disrael@sessions-law.com
Respond to Metairie Office

August 25, 2006

Via Fax: 212-805-7968 and U.S. Mail

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/06

Re: *Paul S. Foti, et al. v. NCO Financial Systems, Inc.*
Case No. 04-00707, U.S.D.C. S.D. N.Y.
Memorandum Regarding Class Action Fairness Act

Dear Judge Karas:

Defendant, NCO Financial Systems, Inc. ("NCO"), through undersigned counsel, submits this letter memorandum regarding the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4. As discussed below and agreed by all parties, CAFA is inapplicable to the settlement of this class action.

Please consider the following:

1. PROCEDURAL HISTORY – On January 29, 2004, plaintiff Paul S. Foti filed a class action complaint against NCO, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. On June 1, 2004, plaintiff amended his lawsuit by adding additional FDCPA class claims and plaintiffs Chris Zebro and Zovinar Ashjian. Per the amended complaint, plaintiffs alleged that NCO (a) violated §§ 1692g and 1692e(10) by overshadowing the validation notice by demanding immediate payment within the validation period (Count 1); (b) violated § 1692e(11) by failing to disclose its status as a debt collector in subsequent communications (Count 2); and, (c) violated §§ 1692c(c) and 1692(d) by, *inter alia*, failing to cease communication after requested to do so (Count 3).

| LOUISIANA | LOUISIANA | FLORIDA | ILLINOIS | CALIFORNIA |
|---|---|---|---|---|
| 201 St. Charles Ave. | Lakeway Two, Suite 1240 | 15316 N. Florida Ave. | SFN of Illinois, L.L.C. | SFN in California, L.L.P. |
| Suite 3500 | 3850 N. Causeway Blvd. | Suite 100 | 1000 Skokie Blvd., Suite 430 | 3667 Voltaire St. |
| New Orleans, LA 70170-3500 | Metairie, LA 70002-1752 | Tampa, FL 33613-1257 | Wilmette, IL 60091 | San Diego, CA 92106 |
| Tele: (504) 582-1500 | Tele: (504) 828-3700 | Tele: (813) 908-6121 | Tele: (847) 853-6100 | Tele: (619) 758-1891 |
| Fax: (504) 582-1555 | Fax: (504) 828-3737 | Fax: (813) 908-6126 | Fax: (847) 853-6105 | Fax: (619) 222-3667 |

## SESSIONS FISHMAN & NATHAN LLP

Honorable Kenneth M. Karas
August 25, 2006 – Page 3
Memo. Regarding CAFA

We hope this answers any questions you may have regarding the inapplicability of CAFA to this matter. As noted, and with the Court's permission, we now anticipate that the settlement documents will be filed with the Court no later than September 10.

Very truly yours

David Israel
SESSIONS, FISHMAN & NATHAN, L.L.P.
Attorneys for Defendant,
NCO Financial Systems, Inc.

DI:deb
cc: Robert L. Arleo, Esq.         (via e-mail: r.arleo@verizon.net)
    Gary M. Reing, Esq.           (via e-mail: garytaxman@aol.com)
    Bryan C. Shartle, Esq.        (via e-mail: bshartle@sessions-law.com)
    Kevin Barry McHugh, Esq.      (via e-mail: kevin.mchugh@aig.com)

The Clerk is directed to
docket this letter.

So ordered.

8/1/06

**SESSIONS FISHMAN & NATHAN**LLP

Honorable Kenneth M. Karas
August 25, 2006 – Page 2
Memo. Regarding CAFA

2.  On September 3, 2004, NCO filed a motion to dismiss, seeking to dismiss Counts 1 and 2. On March 28, 2006, the Court granted in part and denied in part NCO's motion. With respect to Count 1, the Court granted NCO's motion as to the January 18 pre-recorded message, but denied the motion as to the January 26 conversation. With respect to Count 2, the Court granted NCO's motion as to the January 26 conversation, but denied the motion as to the January 18 pre-recorded message.

3.  After the Court's ruling, the parties reached a tentative settlement. While the parties initially advised the Court of a September 1 filing date, the parties now anticipate that the settlement documents will be filed by September 10, 2006.

4.  On July 11, 2006, the undersigned advised the Court of the settlement and that authority regarding the inapplicability of CAFA would be provided to the Court if requested. On July 24, 2006, the Court requested that such authority be provided. This letter is in response to the Court's request.

5.  CAFA IS INAPPLICABLE – CAFA was enacted on February 18, 2005. CAFA amended and enacted various statutes, including 28 U.S.C. §§ 1711-15 relating to settlement of class actions. In particular, 28 U.S.C. § 1715(b) provides that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement . . . ." This CAFA notice provision does not apply to this case.

6.  CAFA only applies to actions commenced on or after February 18, 2005. *See* Pub. L. 109-2, § 9 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act [*i.e.*, February 18, 2005]."); 28 U.S.C. § 1715, cmt. ("Enactment of this section by Class Action Fairness Act of 2005, Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 4, [is] applicable to any civil action commenced on or after Feb. 18, 2005, see Pub. L. 109-2, § 9, set out as a note under 28 U.S.C.A. § 1332."). The original complaint was filed on January 29, 2004 and the amended complaint was filed on June 1, 2004, *before* the enactment of CAFA. As a matter of law, CAFA does *not* apply to this class action. *Id.*; *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) ("The CAFA . . . is not retroactive[.]").