UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL S. FOTI, CHRIS ZEBRO AND ZOVINAR ASHJIAN, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>DEFENDANT. | 04-CV-00707 (KMK)<br><br>MOTION TO INTERVENE BY CLASS MEMBER ALYCIA SANDERS |

## I.   INTRODUCTION

Alycia Sanders respectfully moves, pursuant to Rules 24(a)(2) of the Federal Rules of Civil Procedure, to intervene as of right in this Action ("the Foti Action") because she has an interest relating to the property and/or the transaction which is the subject of this action and she is so situated that the proposed disposition of this action will impair and/or impede her ability to protect that interest. The Plaintiffs in the Foti Action do not and have not adequately represented Ms. Sanders' interest.

In the alternative, Ms. Sanders seeks leave for permissive intervention pursuant to Rule 24(b)(2) because she has filed an action in Massachusetts that presents a common claim or defense to this action, namely claims that the Defendants' debt collection activities violate state and federal law, which claim or defense would be eliminated if the proposed settlement were approved.

In further support of this motion, Ms. Sanders offers a copy of the Amended Complaint, filed in the Massachusetts action, attached hereto as <u>Exhibit 1</u>, and the following additional points and authorities.

## II.   PRELIMINARY STATEMENT

Ms. Sanders is a member of the class of individuals whose rights may be released if judgment is entered in this action. Six months before the settlement proposed here was filed with the Court, Ms. Sanders filed a federal court action in Massachusetts seeking to represent a putative class of Massachusetts residents in litigation against NCO Financial Systems, Inc. ("NCO"), styled *Alycia Sanders, et al. v. NCO Financial Systems, Inc.* Civil Action No. 06-CA-11059-NMG (D. Mass.) ("the Sanders Action").

Ms. Sanders' complaint includes claims under the Fair Debt Collection Practices Act, and claims under Massachusetts' debt collection laws, G.L. c. 93 § 49, 209 C.M.R. §§ 18.14, 18.15, 18.16 and 940 C.M.R. § 7.04(1). The latter claims, in particular, have very substantial value, not just to Ms. Sanders, but also to the class of Massachusetts consumers whom Ms. Sanders seeks to represent. Ms. Sanders seeks to intervene because the proposed settlement, if judgment is entered, is intended to and will terminate both her FDCPA claims, *and* her valuable Massachusetts state law claims. As such, Ms. Sanders contends that the proposed settlement is unfair, unreasonable and inadequate to the class of Massachusetts consumers she seeks to represent.

## III.   THE SANDERS ACTION

Ms. Sanders filed her class action suit on June 16, 2006. It is currently pending before the Hon. Nathaniel M. Gorton, United States District Court Judge. Ms. Sanders alleged, in part, that NCO's practice of using auto-dialers to leave messages that fail to

disclose the identity of the callers, their affiliation with NCO or that the call is from a debt collector, violates the federal Fair Debt Collection Practices Act (Count One). Auto-dialers are computerized calling systems that leave pre-recorded communications on consumers' answering machines. Specifically, Ms. Sanders alleged (1) that NCO violated 15 U.S.C. §§ 1692d(6) and 1692f by leaving automated messages that do not meaningfully disclose the caller's identity; and (2) that NCO violated 15 U.S.C. §§ 1692e(11) and 1692f by failing to disclose that these communications were from a debt collector. As in the Foti Action, these claims entitle the class to statutory damages pursuant to 15 U.S.C. § 1692k.

In addition, Ms. Sanders made parallel claims under Massachusetts state law. Ms. Sanders claimed that NCO engaged in unfair and deceptive debt collection practices in violation of M.G.L. c. 93A by: (1) failing to disclose in its communications with consumers that the communication is from a debt collector, in violation of Massachusetts Division of Banks regulation 209 C.M.R. 18.16(11); (2) placing telephone calls without providing meaningful disclosure of the caller's identity, in violation of Massachusetts Division of Banks regulation 209 C.M.R. 18.15; and (3) communicating by telephone without disclosing the identity of the individual making such communication, in violation of Massachusetts Attorney General regulation 940 C.M.R. 7.04(1)(d).

Massachusetts General Laws, c. 93A § 9, allows a plaintiff to recover the greater of actual damages or twenty-five dollars for violations of its provisions. On information and belief, there are at least one hundred thousand Massachusetts residents who meet the Sanders Action class definition. As such, were Ms. Sanders to prevail on her class claims

against NCO, the class recovery would be in the millions, far more than the $40,000 *cy pres* award proposed in the settlement agreement in the Foti Action.

### IV.   ARGUMENT

#### A.   Intervention As Of Right Is Appropriate Pursuant To Rule 24(A).

Rule 24(a) of the *Federal Rules of Civil Procedure* provides:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This motion is timely, the motion for approval of the proposed settlement was filed recently, on January 16, 2007, and Ms. Sanders only obtained a copy of the settlement on February 7th. Ms. Sanders' interest in the transaction that is the subject of this action is equally clear. The proposed settlement purports to extinguish and foreclose several of the FDCPA and parallel state law claims that Ms. Sanders is prosecuting against NCO, on behalf of the putative class.

In particular, pursuant to the proposed Settlement Agreement, national class members would release claims "based upon or in any way relating to the conduct alleged in Count 2 of the Lawsuit, including, but not limited to (i) Claims...relating to NCO's alleged failure in a telephone communication to (i) identify itself as a "debt collector" or "bill collector" and/or (ii) communicate the "mini-Miranda" required by § 1692e(11) of the FDCPA *or a similar state law*." Proposed Settlement Agreement p. 7 (emphasis

4

added). The proposed Settlement Agreement defines "National Class Members" to mean "all persons who received a telephone communication from NCO between January 29, 2000 and the day the Order of Preliminary Approval of Class Action Settlement is entered, wherein NCO failed to (i) identify itself as a "debt collector" or "bill collector" and/or (ii) communicate the "mini-Miranda" required by § 1692e(11) of the FDCPA, *or a similar state law*." Proposed Settlement Agreement p. 6 (emphasis added). Notably, the Sanders Action class period covers the four years prior to the date she filed her complaint, June 16, 2006, and therefore overlaps substantially with the national class defined in the proposed settlement.

Further, and for the same reason, disposition of this action - i.e., approval of the proposed Settlement and entry of judgment - would impair or impede Ms. Sanders' ability to protect Massachusetts consumers in continuing to prosecute their state law claims against NCO.

Finally, Ms. Sanders can easily satisfy the minimal burden of showing that representation of her interests in the Foti Action may be inadequate. *See Trbovich v. UMWA*, 404 U.S. 528, 538 n. 10 (1972) (courts will allow intervention whenever the intervenor applicant meets his or her minimal burden of showing that representation of his or her interests *may be* inadequate) (emphasis added); *LaRouche v. Federal Bureau of Investigation*, 677 F.2d 256, 258 (2nd Cir. 1982) (holding that the intervenor had carried the "minimal burden required for a showing that representation by the existing parties may be inadequate") (citing *Trbovich*); Advisory Committee Note to Fed. R. Civ. P. 24(a)(2) ("A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should

5

not be put to the risk of having a judgment entered in he action which by its terms extends to him, and be obligated to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in that action.").

NCO's primary interest is to cut off its substantial exposure for its illegal acts by settling the Plaintiffs' FDCPA *and similar state law claims* nationally for $40,000 and proposes that notice of the proposed Settlement be published in 2 Monday editions of USA Today. Given the potential value of the state law claims and the paucity of economic relief available under the proposed Settlement terms, Ms. Sanders seeks to intervene and expects to advocate on behalf of the class of Massachusetts consumers she represents.

Ms. Sanders is clearly not seeking to intervene for improper purposes, to win strictly private advantages, or to waste the Court's time. Ms. Sanders merely seeks to protect the interest of the putative class in the Sanders action, and to present this Court with her positions on the settlement's fairness, reasonableness and adequacy.

**B.     Intervention Is Appropriate Pursuant To Rule 24(B)(2).**

Permissive intervention is authorized "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). Ms. Sanders seeks to intervene because she has a claim or defense in common with those contained in this action. Indeed, those claims and defenses are potentially released by any judgment the court might enter. As a class member,

6

particularly one who has an interest in protecting a subset of the class, her views on fairness and adequacy are likely to assist the Court. *See Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004) (noting that "[b]ecause class actions are rife with potential conflicts of interest between class counsel and class members...district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole.") (internal citations omitted). Because the District Court must analyze these issues in any event, intervention will not unduly delay or prejudice the adjudication of the adequacy of the proposed settlement.

## V. CONCLUSION

For these reasons, Ms. Sanders respectfully requests that the Court grant her motion, allow her to intervene, and order to parties to serve upon her copies of all settlement pleadings filed in the *Foti* Action. Ms. Sanders also moves for expedited hearing on her Motion to Intervene so that she may appear and protect her interests and those of similarly situated Massachusetts residents.

Respectfully Submitted,
ALYCIA SANDERS, *et al.*
By her attorneys,

John Roddy, BBO #424240
Gary Klein, BBO #560769
Elizabeth Ryan, BBO #549632
Gillian Feiner, BBO #664152
Roddy, Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111
Tel (617) 357-5500
Fax (617) 357-5030