YITZCHAK E. COHEN
THE GRAYBAR BUILDING
420 LEXINGTON AVENUE
SUITE 2400
NEW YORK, NEW YORK 10170
(212) 280-7200
FAX: (212) 280-4143
YCOHEN@ZLITIGATOR.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/07

May 8, 2007

**VIA OVERNIGHT DELIVERY**

MEMO ENDORSED

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1581

       Re:     **Paul S. Foti, et al., v. NCO Financial Systems, Inc.**
                  **United States District Court for the Southern District of New York,**
                  <u>**Index No.: 04 CV 00707**</u>

Dear Judge Karas:

      At the suggestion of Ms. Eileen Levine, we write the Court to explain our position why this Court should mediate the dispute between the Plaintiffs' attorneys regarding attorneys fees.

      Despite the fact that my brother and I offered Plaintiffs' current attorney, Robert L. Arleo, Esq., 100% of his bill—notwithstanding that the hourly rate he used is substantially higher than ours—this is not enough money for him and inexplicably he demands more than triple his bill while insisting that we take a reduction of our bill. Accordingly, it is respectfully submitted that because this dispute emanates exclusively from the case which is before this Court, we believe that Your Honor has ancillary jurisdiction and should mediate so that we can resolve this issue.

      The Second Circuit very recently stated: "[i]t is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . when the dispute relates to the main action." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2nd Cir. 2006). The Court explained: "At its heart, ancillary jurisdiction is aimed at enabling a court to administer justice within the scope of its jurisdiction. . . . Without the power to deal with issues ancillary or incidental to the main action, courts would be unable to effectively dispose of the principal case nor do complete justice in the premises." *Garcia v. Teitler*, 443 F.3d 202, 208 (2nd Cir. 2006)(citations and internal quotations omitted). In *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2nd Cir. 1988), the Court further explained that "the lower court's familiarity with the subject matter of the suit lent support to the exercise of jurisdiction . . . because familiarity with the amount and quality of work performed by counsel would enormously facilitate rapid disposition of a fee dispute, while a great deal of the record would have to be considered anew and relitigated in a state court unfamiliar with the proceedings."

LAW OFFICES OF
YITZCHAK E. COHEN
May 8. 2007
Hon. Kenneth M. Karas, Page 2

In light of the fact that this dispute is exclusively between attorneys, this Court both clearly has jurisdiction and is in an ideal position to hear the dispute. As such, the cases cited by Mr. Arleo are entirely inapplicable to the case at bar. *Pay Television of Greater New York v. Sheridan*, (2nd Cir. 1985), is inapposite because the majority of the fees in dispute in that case were unrelated to the action before that court. Our dispute, on the other hand, relates exclusively to fees earned in the case at bar. Moreover, while Mr. Arleo points out that our retainer agreement with the client contains a forum selection clause, Mr. Arleo is not a party to this contract and may not avail himself of its benefits. As such, in light of the fact that *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246 (1st Cir. 2005), is a case dealing with a fee dispute between an attorney and his client that contained an arbitration clause, Mr. Arleo's reliance upon it is similarly misplaced.

In light of this Court's familiarity with the case *subjudice*, and at the Court's suggestion, we respectfully request that your Honor mediate this dispute so that justice can be fully administered.

Respectfully submitted,

Yitzchak E. Cohen

YEC/mnk
cc:   Robert L. Arleo, Esq.

The Clerk of the Court is directed to docket this letter.

So Ordered,

6/13/07