USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 6/14/07

**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, New York 12436

Telephone: (518) 589-5264
Email R.Arleo@verizon.net

Fax: (518) 751-1801

June 13, 2007

**MEMO ENDORSED**

Honorable Kenneth Karas
District Judge, United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York   10007
via fax to: (212) 805-7968

        Re: Foti v. NCO Financial Systems, Inc.
           04-cv-00707

Dear Judge Karas:

   I am corresponding at the directive of Andy Peterson, Law Clerk to Your Honor, and in response to the May 8, 2007 correspondence from attorney Yitzak Cohen to Your Honor. Therein Mr. Cohen requests that Your Honor "mediate" the issue of distribution of the $125,000.00 attorney fee provision contained in the class settlement agreement negotiated in the above-entitled action.

   Initially, please be advised that I did not receive a copy of Mr. Cohen's May 8th correspondence until late last evening despite the fact that I faxed correspondence to Mr. Cohen on May 9th advising that I have relocated my law office as set forth above.

   In his correspondence to Your Honor Mr. Cohen misleads Your Honor by stating that he and his brother, Michael Cohen, offered me "100%" of my "bill" "notwithstanding" my hourly rate, that I rejected said offer and sought "triple" my bill. Please be advised that the "bill" to which Mr. Cohen references is my lodestar calculations *as of April 13, 2007*. The Cohens continue to pretend that each has great difficulty understanding and accepting the fact that I will be compelled to devote numerous additional hours to the above-entitled action. Said hours have been (and will be in the future) committed to the intervention advanced by class members Alycia Sanders and to seeing through the class settlement agreement, including (but not limited to) responding to inquiries and potential objections by class members, appearing at the fairness hearing, and ensuring that a final order approving the class settlement agreement is obtained. All of the foregoing must be undertaken in consideration of the fact that the defendant NCO is the largest collection agency in the world and initiated millions of the telephone voice messages which are the subject of the above-entitled action. In addition to the foregoing I am also compelled to devote my time to defending against the actions of the Cohen brothers.

2

In his May 8th correspondence Mr. Cohen challenges my $420.00 hourly billable rate. However, in correspondence dated April 13, 2007 to the Cohens, I advised them that said rate was approved in December, 2006 by Judge Charles Sifton of the Eastern District in the FDCPA class action matter of Reade-Alvarez v. Eltman, Eltman & Cooper, 2006 WL 3681138 (E.D.N.Y.). Indeed, and in contrast to the Cohens, and as Your Honor is aware from my affirmation submitted in support of the class settlement agreement, I have been litigating FDCPA matters since 1993 and I taught FDCPA in my capacity as Adjunct Professor of Law at Thomas Jefferson School of Law, an A.B.A. approved law school located in San Diego. Indeed, my expertise in regard to FDCPA matters was recently recognized by the Chief Judge of the United States District Court for the Eastern District of Wisconsin in the matter of Robbins v. Wolpoff & Abramson, L.L.P., 2007 WL 601458. Therein, the defendant debt collection law firm had advised the Chief Judge that they had retained me to insure FDCPA compliance. The Chief Judge specifically cited to my retainment to support a "good faith" defense for the defendant.

In regard to the respective hourly fees which the Cohens are advancing in conjunction with the above-entitled action. Based upon their lodestar billing record dated June 27, 2006 sent under the letterhead of Michael Cohen to the plaintiff Paul Foti, Michael Cohen is billing at $325.00 per hour and Yitzak Cohen is billing at $375.00 per hour. Upon information and belief the above-entitled action is the first FDCPA action for either of the Cohen brothers. Therefore, the difference between my hourly rate and the hourly rate claimed by the Cohens clearly proves that the Cohens are each billing at excessive hourly rates. Furthermore, the June 27, 2006 lodestar billing is replete with inflated and repetitive billing in conjunction with the claim by the Cohen brothers that they are collectively owed $136,440.05.

Despite all of the foregoing facts I, with authorization of the plaintiffs and in the attempt to prevent efforts regarding the attorneys fees issue, offered the Cohen brothers $100,000.00 of the $125,000.00 total attorneys fees. Incredibly, each rejected the $100,000.00 offer! I advised Yitzak Cohen via correspondence dated April 19, 2007 that, based upon said rejection, the $100,000.00 offer has been withdraw.

As Your Honor may well realize the $100,000.00 offer was extremely generous. Said offer was patently unwarranted and was made to attorneys who have now demonstrated their respective lack of candor and dishonesty. Indeed, defamatory statements and false accusations concerning me were made by Michael Cohen to the plaintiff Paul Foti during the period when I was being substituted for the Cohen brothers. In telephone conversations with Mr. Foti, and in the attempt to preclude the termination of himself and his brother as counsels in the above-entitled action, Mr. Cohen referred to me as an "ambulance chaser" and a "scumbag". Although Mr. Cohen has since denied to me that he made said statements Mr. Foti will be happy to confirm same in an affidavit under the penalties of perjury if same is ever required.

In his May 8th correspondence to Your Honor Yitzak Cohen alleges that the division of attorneys fees is "exclusively" between attorneys. This statement is without merit. Indeed, the plaintiff Foti executed a retainer agreement wherein he is *personally* liable for attorneys fees.

3

Furthermore, the plaintiffs Ashjian and Zebro are subject to quantum meruit claims by the Cohens wherein each could be *personally* liable to the Cohens. Therefore, the legal authority referenced by Mr. Cohen in his May 8th correspondence is without merit.

Please be advised that, notwithstanding any of the foregoing, the plaintiffs will consent to the request by the Cohen brothers to have Your Honor mediate the issue of distribution of attorneys fees under the following conditions:

1) that the hourly rates for services rendered by the Cohens be $300.00 for Yitzak Cohen and $275.00 for Michael Cohen;

2) that any decision rendered by Your Honor be final and not subject to any appeal whatsoever;

3) that the retainer contract executed between the Cohens and Paul Foti be rescinded in its entirety;

4) that the Cohens resubmit a legitimate lodestar calculation (executed by each under the penalties of perjury) in conjunction with the rulings rendered in the FDCPA matters of Laster v. Cole, 2000 WL 863463 (E.D.NY.) and Wilner v. OSI Collection Services, Inc, 201 F.R.D. 321 (S.D.N.Y. 2001). In both matters the District Court Judges therein chastised the plaintiff's attorney for intentionally submitting inflated attorney fee petitions. In the Laster matter Judge John Gleeson stated therein "Rather than file an honest affirmation of services and ask for a multiplier, Fishbein inflated his billable hours and filed a *perjurious* (italics added) affirmation.". A short one year later in the Wilner matter that same attorney was *again* reprimanded for submitting a dishonest fee petition. Therein Judge Colleen McMahon of this court, specifically referencing to the findings of Judge Gleeson in the Laster v. Cole matter, stated "It does not appear that Mr. Fishbein has learned his lesson." stating he "..would be well-advised to review his time sheets before resubmitting them to the Court.".

5) that all mediation sessions with Your Honor be on the record.

6) that all mediation sessions be held in person before Your Honor.

In regard to #4. I have been submitting attorney fee petitions relevant to FDCPA matters for 13 years. I have never had any Judge anywhere attack my fee petitions as dishonest or perjurious. Indeed, in regard to the Reade-Alvarez v. Eltman, Eltman & Cooper matter set forth above, Judge Sifton expressly referenced to my "detailed time records" in approving the attorney fee portion of the class settlement agreement negotiated therein. As all fee petitions must be submitted under the penalties of perjury, and because I am an honest attorney, I am extremely accurate in regard to my petitions. However, and as Your Honor is well aware, many attorneys view fee petitions as Las Vegas, throw-the-dice shots at big money. After reviewing the Cohens June, 2006 lodestar records it is my opinion that these gentleman are attempting to achieve a pay

day well beyond that which has been truly earned and that which is justified under the relevant federal caselaw regarding the issue of attorneys fees in regard to federal fee-shifting statutes such as the FDCPA.

Only upon agreement by the Cohen brothers to all of the foregoing 6 conditions will the plaintiffs consent to the request set forth in the May 8th correspondence from Mr. Cohen to Your Honor.

Respectfully submitted,

Robert L. Arleo

RLA:gra

cc: Gary Reing, Esq.
　　Paul Foti
　　Zovinar Ashjian
　　Chris Zebro
　　David Israel, Esq. via facsimile transmission
　　Michael Cohen and Yitzak Cohen both via e-mail and facsimile transmission

*The Court will defer the attorney fee issue until after the Motion to intervene is resolved.*

*So Ordered,*

*6/13/07*