**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, New York  12436

Telephone: (518) 589-5264                                                                                     Fax: (518) 751-1801
Email R.Arleo@verizon.net

August 6, 2007

Honorable Debra Freemen
Magistrate Judge
District Judge, United States District Court
Southern District of New York
500 Pearl Street, Room 525
New York, New York   10007

                Re: Foti v. NCO Financial Systems, Inc.
                <u>04-cv-00707</u>

Dear Magistrate Judge Feeman:

   As requested by Your Honor's Law Clerk I enclose herein copies of additional correspondences which I drafted and forwarded in regard to the attorney fees issue and dispute.

                                             Respectfully submitted,

                                             Robert L. Arleo

RLA:gra
enclosures
cc: Gary Reing, Esq.
    Paul Foti
    Zovinar Ashjian
    Chris Zebro
    David Israel, Esq. via facsimile transmission
    Michael Cohen and Yitzak Cohen both via e-mail and facsimile transmission

## ROBERT L. ARLEO, ESQ.

| | |
|---|---|
| 1375 Broadway, Third Floor<br>New York, New York<br>10018<br>Telephone: (646) 278-5648<br>Email R.Arleo@verizon.net | 6022 Main Street, Suite 5<br>P.O. Box 167<br>Tannersville, New York<br>12485<br>Telephone: (518) 610-2926 |

February 14, 2007

Michael M. Cohen, Esq.
275 Walton Street
Englewood, New Jersey 07631
via regular mail and
via fax to: (201) 227-0882

        Re: Foti v. NCO Financial Systems Inc.
           <u>CV-04 00707</u>

Dear Mr. Cohen:

    Reference is made to your correspondence dated January 18, 2007 to Judge Karas. I address herein the a misrepresentation set forth in said correspondence.

    In regard to your assertion that both you and your brother were terminated without "cause.". Said assertion is untrue. Both you and your brother were terminated as counsels for the Plaintiffs for cause. The Plaintiffs were frustrated with the inability of both you and your brother to resolve the above-entitled action or to otherwise move the case towards a resolution.

    As both you and your brother are aware the Defendants have agreed to pay $125,000 in attorneys fees. I have agreed to accept $25,000 thereof for my services in conjunction with striking the class settlement agreement and all efforts which are necessary to obtain a final approval order. As both you and your brother know the remaining $100,000 will be divided amongst you, your brother and attorney Gary M. Reing.

    I have been advised by Mr. Reing that you have ignored all of his recent attempts to contact you to resolve the distribution of attorneys fees between you, your brother and Mr. Reing. I strongly suggest that you contact Mr. Reing and agree upon a distribution of the $100,000 in attorneys fees. In fact, when the Plaintiffs were attempting to substitute me for both you and your brother you engaged in numerous telephone conversations with Plaintiff Paul Foti in the attempt to dissuade the Plaintiffs from terminating both you and your brother. Mr. Foti has advised me that, during said conversations, you continuously slandered me including referring to me as an "ambulance chaser" and a "scumbag." As both of these published statements are patently untrue I reserve herein all of my rights against you for based upon the law of defamation.

Based upon the foregoing I suggest you <u>immediately</u> contact Mr. Reing and agree upon a distribution of the $100,000 so that we may contact Judge Karas. During our last telephone conference with Judge Karas he advised us that he would grant preliminary approval to the class settlement agreement pending resolution of the fee issue. If you refuse to resolve the fee issue then I will recommend to the Plaintiffs that both you and your brother receive no monies. Additionally, I shall commence legal action against you based upon your statements of and concerning me as set forth above. Please be advised that Mr. Foti will swear in an affidavit that you made said statements concerning me. Said affidavit will be forwarded to Judge Karas if you compel us to advise him that resolution of the attorney fee issue must be delayed until after a final order of approval is obtained relevant to all other aspects of the class settlement agreement.

Please insure that your brother receives a copy of the herein correspondence.

Sincerely,

Robert L. Arleo

RLA:gra
cc: Paul S. Foti
    Chris Zebro
    Zovinar Ashjian
    Gary M. Reing, Esq.

## ROBERT L. ARLEO, ESQ.

| | |
|---|---|
| 1375 Broadway, Third Floor<br>New York, New York<br>10018<br>Telephone: (646) 278-5648<br>Email R.Arleo@verizon.net | 6022 Main Street, Suite 5<br>P.O. Box 167<br>Tannersville, New York<br>12485<br>Telephone: (518) 610-2926 |

March 1, 2007

Yitzchak E. Cohen, Esq.
420 Lexington Avenue
Suite 2400
New York, New York 10170
via fax to: (212) 280-4143

        Re: Foti v. NCO Financial Systems Inc.
        <u>CV-04 00707</u>

Dear Mr. Cohen:

    This correspondence shall serve as a response to your correspondence dated February 27, 2007 to me.

    Without admitting to any of the representations set forth in your correspondence there will be no attorney fee negotiations whatsoever until I receive copies of the contemporaneous time records which were kept by both you and your brother during the course of litigation of the above-entitled action. As I am presently in San Francisco, and as I have not received any of the e-mails from either you or your brother, please fax a copy of said time records to my attention, room 1408, to fax number (415) 441-4621.

    If I do not receive the time records by 11:00 a.m. tomorrow, Pacific time, I will advise Judge Karas that the resolution of the distribution of the $125,000 in attorneys fees must be addressed via motion papers after the order of final approval of the settlement agreement is obtained.

                                        Sincerely,

                                        Robert L. Arleo

RLA:gra
cc: Gary Reing, Esq.
    Paul S. Foti
    Chris Zebro
    Zovinar Ashjian
    Gary M. Reing, Esq.

## ROBERT L. ARLEO, ESQ.

1375 Broadway, Third Floor  
New York, New York  
10018  
Telephone: (646) 278-5648

164 Sunset Park Road  
Haines Falls, New York  
12436  
Telephone: (518) 610-2926

Email R.Arleo@verizon.net

April 13, 2007

Michael M. Cohen  
275 Walton Avenue  
Englewood, New Jersey   07631

Yitzak E. Cohen  
The Graybar Building  
420 Lexington Avenue  
Suite 2400  
New York, New York 10170  
via e-mail and via facsimile transmission

RE: Foti, Zebro and Ashjian v. NCO Financial Systems, Inc.  
04-CV-00707

Dear Michael and Yitzak:

   Pursuant to the directive of Judge Karas enclosed herein please find a copy of my contemporaneous time records to date. Please be advised that my hourly billable rate of $420.00 was recently approved in the matter of Reade-Alvarez v. Eltman, Eltman & Cooper, 2006 WL 3681138 (E.D.N.Y.).

   In regard to certain statements made today by Yitzak at the conference. Apparently, each of you are under the impression that I am seeking the "lions share" of the $125,000.00 attorneys fees to be paid by NCO. Each of you are incorrect. Please be advised that I have *presently* agreed to accept $25,000.00 as full payment for my service rendered and to be rendered. The $100,000.00 remainder is to be divided between each of you and Mr. Reing, the percentage of division to be agreed upon between each of you and Mr. Reing. Based upon my discussions with Mr. Reing he is most interested in resolving the fee issue. Although I cannot speak for Mr. Reing I believe that he would also accept $25,000.00 leaving $75,000.00 for division between each of you. Therefore, I believe that it would productive for each of you to open a dialogue with Mr. Reing in regard to the distribution of the remaining $100,000.00.

   I am attempting herein to resolve the issue of attorneys fees. However, if I am compelled to commit additional hours to attorney fee motions, then I will seek more than $25,000.00 depending upon the additional hours which I may be compelled to commit.

Finally, noting herein should be interpreted as my agreement with any of the statements made today by Itzak at the telephone conference, including the assertion that each of you were terminated "without cause.", nor my agreement with any other oral assertions which either of you may have made to anyone in connection with the above-entitled action nor my agreement with any assertion set forth in any writing which either of you may have forwarded in connection with the above-entitled action.

Of course, please feel free to contact my law office if either or both of you wish to speak directly.

Sincerely,

Robert L. Arleo

RLA:gra
enclosure
cc: Gary Reing
 Paul Foti
 Zovinar Ashjian
 Chris Zebro

**FOTI V. NCO**

HOURS AND COSTS

h- hours
- minutes

| Date | Description | Hours |
|---|---|---|
| 5/22/06 | Tel. w/ Paul Foti (PF) and Gary Reing (GR) | 20m |
| 5/23/06 | Tel. message to attorney Michael Cohen (MC) | 5m |
| 5/29/06 | Tel. w/ PF | 5m |
| 5/30/06 | Tel. w/GR; draft and forward Notice of Substitution of Counsel; tel. w/ David Israel (DI) | 25m |
| 5/31/06 | Tel. w/MC and Yitzak Cohen; forward Notice of Sub. to MC under cover letter | 20m |
| | Overnight mail | $14.40 |
| 6/1/06 | Tel. w/PF | 10m |
| 6/2/06 | Draft letter to PF, Chris Zebro and Zovinar Ashjian | 15m |
| Nov. Dec. 06 | Negotiate terms of class settlement agreement; engage in creating class settlement documents for submission | 6h20m |
| 1/16/07 | Tel. w/BS re: 1/19 conf. w/Judge Karas | 15m |
| 1/17/07 | Tel. w/ Law Clerk (Jeremy); draft and forward corres. to Judge Kassar; tel. w/ Law Clerk (Andy); Review order re: telephonic conf. for 1/19 | 35m |
| 1/17/07 | Draft and forward corres. to Judge Karas w/ copy of notice of substitution of counsel | 15m |
| 1/19/07 | Tel. w/GR re: Cohen status; review corres. from MC to Judge Karas; tel. w/ Law Clerks re: notice of appearance; tel. w/ Clerk of Court re: notice of appearance; participate in tel. conf. w/ Judge Karas; draft notice of appearance | 1h20m |
| 2/2/07 | Tel. w/GR re: communicating with Cohen brothers for the purpose of resolving division of attorneys fees | 20m |

| Date | Description | Time |
|---|---|---|
| 2/7/07 | Tel. w/GR re: communicating with Cohen brothers for the purpose of resolving division of attorneys fees | 15m |
| 2//07 | Draft and forward correspondence to MC re: issue of attorneys fees; follow-up conversations w/PF and GR regarding same | 30m |
| 2/23/07 | tel. w/GR re: correspondence dated February , 2007 from MC to Judge Karas re: issue of attorneys fees | 15m |
| 2/26/07 | tel. w/GR re: correspondence dated February , 2007 from MC to Judge Karas re: issue of attorneys fees | 15m |
| 2/26/07 | Draft and forward corres. to Judge Karas re: corres. from MC to Judge Karas | 20m |
| 2/27/07 | Tel. w/BS re: issue of att. fees | 15m |
| 2/28/07 | Tel. w/GR re: corres. dated 2/27/07 from Itzak Cohen (IC) to me; review corres. | 20m |
| 3/1/07 | Draft and forward corres. to IC; review response corres. Tel. w/GR; draft and forward corres. to IC; tel. w/ DR | 35m |
| 3/14/07 | Review intervention documents filed by class member Alycia Sanders; tel. w/GS and DI re: same | 55m |
| 3/20/07 | Draft and forward corres. to Roddy Klein & Ryan RKR re: intervention attempt by Alycia Sander | 15m |
| 3/27/07 | Tel. w/ John Roddy and Elizabeth Ryan re: Sanders | 20m |
| 4/3/07 | Draft and forward corres. to DI re: conversation w/ Roddy and Ryan; tel. conversation w/ BS re: same | 25m |
| 4/12/07 | Tel. w/BS re: Sanders intervention briefing | 20m |
| 4/13/07 | Tel. w/DI re: status; participate in tel. conf. w/ Judge Karas; draft corres. to Cohens w/ copies of time and expense records | 50m |

```
                              TOTAL HOURS-      16.5
                              TOTAL COSTS       $14.40
```

**ROBERT L. ARLEO, ESQ.**

1375 Broadway, Third Floor
New York, New York
10018
Telephone: (646) 278-5648

164 Sunset Park Road
Haines Falls, New York
12436
Telephone: (518) 610-2926

Email R.Arleo@verizon.net

April 19, 2007

Michael M. Cohen
275 Walton Avenue
Englewood, New Jersey   07631

Yitzak E. Cohen
The Graybar Building
420 Lexington Avenue
Suite 2400
New York, New York 10170

each via e-mail and via facsimile transmission

        RE: Foti, Zebro and Ashjian v. NCO Financial Systems, Inc.
        <u>04-CV-00707</u>

Dear Michael and Yitzak:

   This correspondence shall serve to confirm our recent telephone conversations. As each of you are aware said conversations occurred in conjunction with our attempt to resolve the issue of attorney fees.

   At the close of my conversations yesterday with Michael I advised him that Mr. Reing would forego any expectation of fees and, based upon said fact, a total of $100,000.00 in attorneys fees was offered to both of you collectively. Today, Itzak contacted me via telephone and advised that the $100,00.00 offer was not acceptable. In response thereto I advised Itzak that said offer is withdrawn.

   Please see my enclosed correspondence to Judge Karas advising him of our failure to resolve the issue of the division of attorneys fees.

Sincerely,

*[signature]*

Robert L. Arleo

RLA:gra

cc: Gary Reing
    Paul Foti
    Zovinar Ashjian
    Chris Zebro

## ROBERT L. ARLEO, ESQ.

1375 Broadway, Third Floor
New York, New York
10018
Telephone: (646) 278-5648

164 Sunset Park Road
Haines Falls, New York
12436
Telephone: (518) 610-2926

Email R.Arleo@verizon.net

April 19, 2007

Honorable Kenneth Karas
District Judge, United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York   10007
via fax to: (212) 805-7968

          Re: Foti v. NCO Financial Systems, Inc.
             04-cv-00707

Dear Judge Karas:

   I am corresponding to advise Your Honor that I have been unsuccessful in attempting to resolve the issue of the division of attorneys fees with Michael and Yitzak Cohen, each being formal counsel of record for the planitffs named in the above-entitled action. Although I have engaged in extensive telephone negotiations during the past several days with both of the Cohen brothers, and although I believe that a generous offer was advanced, I was advised today by Yitzak Cohen that the offer was unacceptable and otherwise rejected.

   As Your Honor is aware a federal District Court exercising ancillary jurisdiction in regard to resolving attorney fee disputes, said exercise being at the sole discretion of the District Court. Pay Television of Greater New York v. Sheridan, 766 F.2d 92 (2nd Cir. 1985). However, if an attorney drafts a retainer agreement and sets forth the exclusive manner via which any dispute regarding fees will be resolved, then the terms of the retainer agreement control. Rivera-Domenech v. Calvesbert Law Offices PSC, 402 F.3d 246 (1st Cir. 2005). Enclosed herewith is a copy of the retainer agreement which was drafted by the Cohens and executed by the plaintiff, Paul Foti. Paragraph "9" therein limits any fee disputes to the jurisdiction of the Bergen County Superior Court of New Jersey. Reference is made to the "AND IN NO OTHER COURT" language which directly follows.

   Based upon all of the foregoing the fee dispute can no longer burden Your Honor. Therefore, the plaintiffs respectfully request that Your Honor issue an Order declining ancillary jurisdiction to hear the attorney fee dispute. The plaintiffs further request that Your Honor formally grant preliminary approval to the class settlement agreement.

2

Respectfully submitted,

Robert L. Arleo

RLA:gra
enclosure
cc: Gary Reing, Esq.
    Paul Foti
    Zovinar Ashjian
    Chris Zebro
    David Israel, Esq. via facsimile transmission
    Michael Cohen and Yitzak Cohen both via e-mail and facsimile transmission

# Agreement to Provide Legal Services for a Contingent Fee

THIS AGREEMENT, dated January 14, 2004, is made BETWEEN the Client(s) Paul Foti, whose address and telephone number is 14 Coon Den Road, Hopewell Junction, New York 12533 (845) 223-3954, referred to herein as "You,"

AND

The Law Offices of Michael M. Cohen whose address is 275 Walton Street, Englewood, New Jersey 07631, referred to herein as the "Law Firm," "We," or "Us."

1. **Your Injury or Damages.** You have been injured or suffered damages as a result of FDCPA violations by NCO.

2. **Legal Services.** The Law Firm will protect Your legal rights and do all necessary legal work to properly represent You in this matter. The Law Firm expects You to cooperate and follow its instructions.

3. **Costs and Expenses.** In addition to legal fees, You may be required to pay for expenses in connection with the institution and prosecution of Your claim. Such expenses – if incurred in the course of litigating your claim – may include, among other things, court costs, accountant's fees, appraiser's fees, service fees, investigator's fees, deposition costs, cost of briefs, transcripts on appeal and extraordinary photocopying, messenger service, overnight delivery, faxing, long distance telephone, express mail expenses, and expert's fees and expenses for other testimony or evidence.

The Law Firm may pay the above expenses for the Client or require that the expenses be paid in advance. The Client must pay the Law Firm for these costs and expenses even if there is no recovery of money.

4. **Legal Fees.** You will pay the Law Firm a legal fee if money recovered for You is greater than Your costs and expenses (see paragraph 3). The fee will be based on a percentage of the net recovery. Net recovery is the total recovered on Your behalf, minus Your costs and expenses (including costs and expenses paid for You by the Law Firm, as described in paragraph 3 above), and minus any interest included in a judgment pursuant to R. 4:42-11 B). The fee will be as follows:

      35% on the first $500,000 recovered;
      30% on the next $500,000 net recovered;
      25% on the next $500,000 net recovered; and
      20% on the next $500,000 recovered.

Fees on net recoveries exceeding $2,000,000.00 will be determined by the court by application for reasonable fee pursuant to R. 121-7(f).

5. **Reduced Fees for Minors or Incompetents.** (Check one)

    ☒ This Agreement is not signed on behalf of a minor or incompetent.

    ☐ This Agreement is signed on behalf of a minor or incompetent. The legal fees will be reduced to 25% of the net recovery if this matter is settled without trial pursuant to R. 1:21-7(c)(6).

Page 1 of 2
Agreement To Provide Legal Services for a Contingent Fee

6. **Alternative Fee Plan.** The Law Firm has offered to represent You and charge You fixed legal fees (on an hourly rate) and expenses which You will be required to pay even if money is not recovered. You have rejected this and have instead agreed to pay the contingent fees as set forth in the Agreement

7. **Increased Legal Fees.** As indicated under R. 1:21-7(f), the Law Firm may ask that the Court require You to pay a greater legal fee if the Law Firm has not been adequately compensated for time and effort. A copy of any request to the Court will be forwarded to You. The Court will then decide whether or not to increase the legal fees.

8. **Termination.** You may terminate this agreement at any time and at any point throughout the course of litigation. If this Agreement is terminated prior to the completion of the case or prior to any settlement, or if You settle this matter without the consent of the Law Firm, you will be liable to Us for either (i) the time spent on your case at an hourly rate of $245, or (ii) the portion of any ultimate recovery in this case equal to the proportion of time We invested in this case —— whichever is greater. In the event that you settle these claims without our consent, we shall have one of the following options: either (i) payment by you of the above agreed upon contingency fee, based upon the full amount of the settlement, less costs (attorneys fees by attorneys other than the Firm, engaged by yourself or an agent on your behalf, shall not be factored as a cost), regardless to whom the settlement amount is paid and what it is called, or (ii) in the alternative, we shall have the option of seeking compensation from you on a *quantum meruit* basis. If we choose *quantum meruit* compensation, we will be entitled to our regular hourly billing rate of $245.00 for all work done by us on your behalf. In the event that you settle these claims without our consent and/or fail or refuse to timely pay us any portion of the moneys owed to us by you, you hereby agree that we shall be additionally entitled to all attorney fees (i.e., whether pursued by us directly or otherwise), costs, disbursements, and fees expended in the collection of our fee from you. It is further understood and agreed that in the event that You do not or are unable to pay our fees, you will be individually responsible, on a joint and several basis, for the payment of those fees.

9. **Forum Selection Clause & Choice of Law.** You agree that any and all disputes arising under this Agreement shall only be litigated in the Bergen County Superior Court of New Jersey AND IN NO OTHER COURT and that this Agreement shall be governed by the laws of NEW JERSEY and of no other state.

10. **Severability.** In the event any provision of this Agreement is deemed to be void, invalid, or unenforceable, that provision shall be severed from the remainder of this Agreement so as not to cause the invalidity or unenforceability of the remainder of this Agreement. All remaining provisions of this Agreement shall then continue in full force and effect. If any provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope and breadth permitted by law.

**Signatures.** You have read this Agreement. The Law Firm has answered all of Your questions and fully explained this Agreement to Your complete satisfaction. You have been given a signed copy of the Agreement.

Law Offices of Michael M. Cohen:

By _[signature]_
Michael M. Cohen, Esq.

Agreed and Accepted

By _[signature] Paul Foti_ 1/14/03
Client

By _____
Client

Page 2 of 2
*Agreement To Provide Legal Services for a Contingent Fee*