UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
PAUL S. FOTI, ZOVINAR ASHJIAN, and CHASE
ZEBRO, individually and on behalf of all others
similarly situated,

                        Plaintiffs,

           -v-

NCO FINANCIAL SYSTEMS, INC.,

                        Defendant.
-------------------------------------------------------X

Case No. 04-cv-00707

**STIPULATION AND ORDER FOR PERMANENT INJUNCTION**

[USDS SDNY DOCUMENT ELECTRONICALLY FILED  DOC #: _____ DATE FILED: 2/20/08]

For purposes of this Stipulation and Order for Permanent Injunction (hereinafter referred to as the "Stipulated Injunction"), the following definitions shall apply:

A.    "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

B.    "NCO" shall mean NCO Financial Systems, Inc. and any of its predecessors, successors, representatives, and agents.

C.    "NCO Debt Collectors" shall mean employees, representatives, and agents of NCO who regularly collect or attempt to collect debts owed or due or asserted to be owed or due another.

D.    "Telephonic Communications" shall mean the conveying of information by means of a telephone.

1


EXHIBIT A

WHEREAS, plaintiffs, Paul S. Foti, Zovinar Ashjian, and Chris Zebro (hereinafter referred to as "Plaintiffs"), assert class claims against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"), under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*;

WHEREAS, Plaintiffs allege that NCO violated the FDCPA by failing to (i) identify itself as a "debt collector" or "bill collector" and/or (ii) communicate the "mini-Miranda" required by § 1692e(11) of the FDCPA, or a similar state law, in all Telephonic Communications with consumers regulated by the FDCPA; and

WHEREAS, NCO, without admitting any liability as to any of the allegations, acknowledges that Plaintiffs' claims are the sole catalyst for entering into this Stipulated Injunction.

WHEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, that the following injunction be entered by the Court without further notice or process:

1. NCO shall, within 30 days after Final Judgment Day, use its best efforts to ensure that it identifies itself as a "debt collector" and/or "bill collector" in all Telephonic Communications to a debtor subject to the FDCPA;

2. NCO Debt Collectors shall be trained regarding their obligation to provide the advisory notice set forth in ¶ 1.

3. NCO shall use its best efforts to ensure that all existing and newly hired NCO Debt Collectors execute an acknowledgement confirming their understanding of their obligation to provide the advisory notice set forth in ¶ 1.

4. NCO shall not be deemed to be in violation of this Stipulated injunction in any respect if the Telephonic Communication is not subject to the FDCPA.

2

5. Each month after the Stipulated Injunction is entered for a period of 1 year, counsel for NCO shall issue a letter to Class Counsel identifying all lawsuits filed against NCO during that month alleging the same class claims being settled in this matter. Further, each quarter after the Stipulated Injunction is entered for a period of 1 year, counsel for NCO shall issue a draft report to Class Counsel detailing how NCO has complied with the Stipulated Injunction. Counsel for NCO and Class Counsel shall confer via telephone after issuance of each draft report to discuss NCO's compliance and finalize the injunction report. The Parties will submit a joint motion to the Court to extinguish the Stipulated Injunction after the 1-year period is over.

6. The Court shall retain jurisdiction to enter further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Stipulated Injunction. NCO specifically consents to personal jurisdiction and venue in this Court.

IT IS SO STIPULATED.

/s/ Robert L. Arleo
Robert L. Arleo, Esq. (NYB No. RLA 7506)
164 Sunset Park Road
Haines Falls, New York 12436
Phone: (518) 589-5264
Fax:    (518) 751-1801

Gary M. Reing, Esq. (NYB No. GMR 0754)
521 Fifth Avenue, Suite 1703
New York, New York 10175
Phone: (914) 245-7609
Fax:    (914) 245-7631

Attorneys for Plaintiffs,
Paul S. Foti, Zovinar Ashjian, and
Chris Zebro

/s/ David Israel
David Israel, Esq. (LSB No. 7174)
Bryan C. Shartle, Esq. (LSB No. 27640)
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 North Causeway Blvd., Suite 1240
Metairie, Louisiana 70002-1752
Phone: (504) 828-3700
Fax:    (504) 828-3737

Kevin B. McHugh, Esq. (NYB No. KM 5924)
FIEDELMAN, GARFINKEL & LESMAN
110 William Street
New York, New York 10038-3901
Phone: (212) 809-8000
Fax:    (212) 344-8263

Attorneys for Defendant,
NCO Financial Systems, Inc.

ORDER

IT IS SO ORDERED.

DATED: Feb. 19, 2008

THE HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE

4