**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, New York  12436

Telephone: (518) 589-5264                                                          Fax: (518) 751-1801
Email R.Arleo@verizon.net

December 8, 2008

Honorable Denis R. Hurley Judge, USDC
Eastern District of New York
100 Federal Plaza
Central Islip, New York   11722
<u>via ECF</u>

       Re: Ohlson v. The Cadle Company et al.
        <u>04-Civ. 3418 (DRH) (ETB)</u>

Dear Judge Hurley:

  I am corresponding in regard to the status of the above-entitled action. For the reasons set forth below, it is my opinion that Your Honor has demonstrated a clear bias and prejudice against the Plaintiff and myself, as his counsel. Therefore, I respectfully request that Your Honor *sua sponte* vacate the Order dated September 30, 2008, which granted summary judgment to the defendants, abandon any ruling concerning the show cause Order dated October 2, 2008 regarding formal service of the amended complaint, recuse yourself from the above-entitled action and direct the Clerk of the Court to reassign the above-entitled case to another Judge.

  The above-entitled action was commenced over four years ago. During that time period no less than three motions for summary judgment have been brought by the Defendants with yet another motion for summary judgment by the remaining Defendants being authorized by the September 30th Order. During that time, counsels for the Defendants have avoided all aspects of discovery in the herein action by successfully arguing to Magistrate Judge Boyle that all discovery activity be suspended pending rulings on their numerous summary judgment motions.

  The very fact that Your Honor could not rid himself of the above-entitled action after three summary judgment motions by the Defendants proves that the claims alleged herein have merit. Furthermore, the only reason why claims against many of the Defendants have been dismissed is based upon Your Honor's legally baseless and bias evidencing September 30th Order. Your Honor then issued the October 2nd show cause Order based solely upon the issue of service of the amended complaint, which was filed over two and a half years ago. For the reasons set forth in the papers submitted by my office in conjunction with the October 2nd show cause Order, said

Order was patently uncalled for and only demonstrates that Your Honor is going through great lengths to get rid of this case. However, it is now apparent to me that, despite the papers submitted by my law office in regard to the show cause Order, which clearly demonstrate that dismissal based upon lack of formal service of the amended complaint would be absolutely improper, Your Honor is preparing to baselessly attempt to rid his docket of this entire action via the service of the amended complaint issue. Reference is made to the correspondence dated December 1, 2008 (Document 116) drafted by defense counsel Steven Giordano and sent to Magistrate Judge Boyle. Indeed, as evidenced by the content and tone of said correspondence, Mr. Giordano is well aware that Your Honor is teeing up this case for attempted full dismissal in conjunction with the October 2nd show cause Order.

In regard to the September 30th Order. Summary judgment therein was granted to the Defendants regarding the important issue of the true owner of an alleged debt based solely upon the strength of a self-serving affidavit submitted by Mr. Ray Diamond, an employee of The Cadle Company, who also happens to be a Defendant herein. On page 9 of the September 30th Order, Your Honor confirms that the only evidence which the Defendants submitted in support of their motions for summary judgment was the affidavit of Mr. Diamond. On page 13 of the September 30th Order, Your Honor stated:

> "In sum, defendants have put forth in the Diamond affidavit evidence that the Plaintiff cannot establish his claim that Cadle Co., rather than BDA, is the owner of the debt. The burden therefore shifted to Plaintiff to offer "persuasive evidence that his claim was not "implausible".....He has failed to sustain that burden."

Part of the record in regard to the most recent summary judgment motions is a transcript of a deposition of Mr. Diamond, given on May 8, 2006 in conjunction with an underlying New York State court action on the alleged debt. As set forth on page 39, lines 16 through 23 therein, Mr. Diamond confirms that he is paid by The Cadle Company via check from The Cadle Company. This is the biased individual to whom Your Honor references as the sole source of evidence submitted in support of the contention that The Cadle Company is allegedly not the true owner of the alleged debt. Indeed, on page "9" of the September 30th Order, in footnote "7", Your Honor confirms that no evidence was submitted by the Defendants to establish that "Bobby D. Associates" was the true owner of the alleged debt. Therefore, this legally baseless conclusion by Your Honor is one example of the absolute bias and prejudice by Your Honor against the Plaintiff and against me.

Your Honor's September 30th ruling is eerily similar to the ruling issued in the matter of <u>Thomasson v. GC Services Ltd. Partnership</u>, wherein another biased and prejudiced judge, who has since recused himself, granted summary judgment, in favor of a debt collector in an FDCPA action, solely upon the self-serving testimony of employees of the debt collection agency. Said FDCPA summary judgment ruling was recently reversed by the United States Court of Appeals for the Ninth Circuit. See <u>Thomasson v. GC Services Ltd. Partnership</u>, 2008 WL 4946275 (9th

3

Circuit).

I am further troubled by that portion of the September 30th Order, page 10, wherein Your Honor, commenting upon a deposition transcript of Daniel Cadle submitted by the Plaintiff in regard to his motion for partial summary judgment, states:

> "Turning first to the Cadle deposition, Plaintiff fails to provide any pinpoint citations to the deposition transcript or to direct the Court's attention to any particular testimony, apparently satisfied to have this Court hunt like a pig looking for truffles buried in the transcript."

I in no way, shape or form intended to imply that Your Honor was a pig and I object to Your Honor's accusation to the contrary. Notwithstanding, this accusation is further proof of Your Honor's disdain for this action and is further proof of Your Honor's bias and prejudice against the Plaintiff and myself, as his counsel.

I am further troubled by that portion of the September 30th Order, page 12, wherein Your Honor states:

> "Finally, Plaintiff's papers makes references to BDA as a "shell corporation." (See Arleo Affirm. at p. 2). While not articulated particularly well, Plaintiff seems to be arguing that Cadle Co. is the owner of the debt because BDA is merely its instrumentality and the two entities are a single economic enterprise."

In regard to my presentation of this argument to Your Honor, I see no basis for attacking my articulation thereof. Indeed, the issue of a single economic enterprise is not a complicated legal argument. My articulation thereof would have been understood by a lay person. Therefore, to attack my articulation and further state "...Plaintiff seems to be arguing...", as if I am unable to articulate a simple legal argument, is simply further proof of Your Honor's basis and prejudice.

I am perhaps most greatly troubled by that portion of the September 30th Order, pages 16 and 17, which reveals Your Honor's interpretation of the trickery and deceit invoked by attorney Stephen Vlock in regard to the issue of his consent to add an FDCPA claim against him and his firm to the amended complaint herein. On page 17 of the September 30th Order, Your Honor incorporates the text of my correspondence dated March 29, 2006 to Mr. Vlock. It is incredible that Your Honor would refer to the "Please advise" portion of my correspondence to somehow imply that I did not act prudently when I concluded that Mr. Vlock's return of the Stipulation of Voluntary Dismissal set forth therein amounted to his consent to having the subject FDCPA claim included the amended complaint in the herein action. Instead of admonishing Mr. Vlock for a serious act of dishonesty by subsequently denying that his return of the executed stipulation

4

was a clear consent to include the subject FDCPA claim in the amended complaint in the herein action, Your Honor stated:

> "The request in Plaintiff's March 29, 2006 letter to "please advise" can be viewed as an inept attempt to gain Vlock Defendants' consent to the addition of the discontinued claim in the instant action. While counsel should be cognizant of the need to be clear in any request for consent made to an opposing party, it is conceivable that the "please advise" was such a request..... Having reviewed the correspondence related thereto, there appears to be questions of fact precluding summary judgment."

Perhaps more than any other roadblock which this Court has put before the Plaintiff during the over four years during which this action has been pending, the foregoing reaction of Your Honor to an act of clear and unethical trickery and dishonesty by Mr. Vlock demonstrates why the Plaintiff has no chance of ever obtaining justice in the herein matter so long as this case remains before Your Honor. To state that I somehow should have waited for a separate formal advisement from Mr. Vlock that he was consenting to the terms contained in my March 29th correspondence, after his very act of signing and returning the stipulation clearly indicated his consent thereto, is completely unfounded. Notwithstanding, I am outraged that Your Honor would state that my actions in regard to this issue were "inept" followed with a lecture on the need to be clear in any request for consent made to opposing counsel. The request for consent set forth in my March 29th correspondence would have been clear to a lay person. Lawyers send these type of letters every day and, importantly, justifiably expect attorneys receiving such requests not to subsequently deny their actions so as to avoid legal liabilities. Notwithstanding, I understand that Your Honor was admitted to the New York Bar in 1967 after graduating from the distinguished Fordham Law School. I understand we now live in a different society where lie-at will, dishonesty, trickery and lack of ethics acts are much more prevalent and acceptable than it was when Your Honor was admitted to practice law. Indeed, had Mr. Vlock pulled his stunt in Your Honor's day, I am sure he would have been severely admonished by any court wherein he attempted to argue that his act of returning the signed stipulation did not constitute consent to terms set forth in my March 29th correspondence. In fact, I would expect that this stunt would have resulted in a judge referring the matter to a disciplinary committee with the advisement to swear Mr. Vlock in and ask him if he truly believes that his act of returning the signed stipulation could not be viewed as his consent to the terms of my March 29, 2006 correspondence.

I base my request for Your Honor to recuse himself upon 28 U.S.C.A. Sec. 455(a) which holds:
> "Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his partiality might reasonably be questioned".

5

   To disqualify a judge under Sec. 455(a), a party may demonstrate that the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). Indeed, the totality of Your Honor's actions to date clearly and unequivocally demonstrate such pervasive bias and prejudice so as to unfairly prejudice the Plaintiff named in the herein action.

   I am mindful of the decision in the matter of Liteky v. United States, 510 U.S. 540, 555 (1994) wherein the Supreme Court stated "judicial rulings alone almost never constitute a valid basis for a bias or a partiality motion". However, Your Honor's bias and prejudice has also been demonstrated by acts which occurred outside of the September 30th ruling. Said acts include:

              a) failing to admonish the Defendant's and their counsels for alleging numerous baseless legal arguments and for engaging in demonstrably unethical conduct;

              b) continually inviting the Defendants to file additional motions for summary judgment in the hope that they could provide Your Honor with any reasons to dispose of the herein action;

              c) failing to recognize additional, express and viable claims for violations of the FDCPA as set forth in the amended complaint;

              d) raising the alleged issue of formal service of the amended complaint two and a half years after the filing thereof and only after two separate summary judgment motions were submitted and ruled upon;

              e) ignoring the legal fact that, even if service of the amended complaint was a viable issue (which it is not), then the only ramification thereto would be to revive the original complaint filed in the herein action, not a complete dismissal of the above-entitled action, thereby wasting judicial resources and hundreds of hours of my time in regard to the litigation of the herein action, thereby creating a "back to square one" scenario.

   Even if my request herein was based solely upon the rulings rendered by Your Honor, the request would still be warranted and proper. The Supreme Court in Liteky did not fully shut the door on showing bias and prejudice based upon judicial rulings, holding therein that bias and prejudice may be established by showing that judicial opinions and remarks "display a deep seated favoritism or antagonism that would make fair judgment impossible.". In explanation thereof, the Supreme Court stated therein:

> "First, judicial rulings alone almost never constitute a valid
> basis for a bias or partiality motion.....In and of themselves
> (i.e., apart from surrounding comments or accompanying
> opinion), they cannot possibly show reliance upon an
> extrajudicial source (for bias); and can only in the rarest

6

>circumstances evidence the degree of favoritism or antagonism
>required...when no extrajudicial source is involved. Almost
>invariably, they are proper grounds for appeal, not for recusal.
>Second, opinions formed by the judge on the basis of facts introduced
>or events occurring in the course of the current proceedings....
>do not constitute a basis for a bias or partiality motion unless they
>display a deep-seated favoritism or antagonism that would
>make fair judgment impossible. Thus, judicial remarks during the
>course of a trial that are critical or disapproving of, or even hostile
>to, counsel, the parties, or their cases, ordinarily do not support a bias
>or partiality challenge. They *may* do so if thy reveal an
>opinion that derives from an extrajudicial source; and they *will*
>do so if they reveal such a high degree of favoritism or antagonism
>as to make fair judgment impossible."

For the reasons heretofore herein, the contents of the September 30th Order reveals such a high degree of favoritism and antagonism towards the Plaintiff, and myself as his counsel, so as to make a fair judgment by Your Honor absolutely, unquestionably and unequivocally impossible.

In determining whether Section 455(a) requires recusal, the standard is objective reasonableness whether an "objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal" U.S. v. Carlton, 534 F.3d 97, (2d Cir. 2008) citing Diamondstone v. Macaluso, 148 F.3d 113, 121 (2d Cir. 1998)(denying recusal based upon alleged bias by Judge's failure to return plaintiff's greeting due to plaintiff's involvement with peace protests). Indeed, any objective, disinterested observer, fully informed of the facts which have occurred during the course of the herein action, would unquestionably entertain significant doubt that justice would *ever* be done absent recusal by Your Honor.

Sec. 455(a) requires that a judge recuse himself in any proceeding in which his impartiality might be reasonably questioned. This test deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary. U.S. v. Amico, 486 F.3d 764, (2d Cir. 2008). Sec. 455(a) requires that Your Honor recuse himself in regard to the herein proceeding. Based upon the facts set forth herein, Your Honor's impartiality can more than be reasonably questioned. Indeed, with all due respect, and in my professional opinion, Your Honor has flunked the test dealing exclusively with appearances in the herein action which purpose is the protection of the public's confidence in the impartiality of the judiciary.

In determining whether judgment should be vacated for violation of Sec. 455(a) requiring a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned, it is appropriate to consider the risk of injustice to parties in particular case. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988). In regard to the herein request to recuse yourself, it is absolutely appropriate to consider the risk of injustice to the Plaintiff. Indeed, the Plaintiff has been litigating the herein action for almost four years. I have committed

7

hundreds of legal hours to this action and have been compelled to endure a "Rambo" defense invoked by attorneys willing to invoke any tactic to defeat the claims set forth herein. It would be an absolute injustice to the Plaintiff for all of his efforts to be wasted not based upon a failure to prove his case, but upon the clear bias and prejudice demonstrated by Your Honor.

In addition to recusing yourself from the herein action, Your Honor must vacate the baseless September 30th Order prior to said recusal and must forego any ruling in regard to the show cause Order regarding service of the amended complaint. While relief from a judgment is usually sought via motion, nothing forbids a court from granting relief *sua sponte* from any judgment it has previously issued upon notice to all parties. Fort Knox Music, Inc. v. Baptiste, 257 F.3d 108 (2d Cir. 2001) (citing Fed. R. Civ. P. 60(b)(6) allowing a district court to grant relief from a judgment for "any...reason justifying relief from the operation of the judgment.". See also International Controls Corp. v. Vesco, 556 F.2d 665 (2d Cir. 1977); In re Holocaust Victim Assets Litigation, 282 F.3d 103 (2d Cir. 2002); M.D. v. Southington Bd. of Educ., 16 Fed. Appx. 70 (2d Cir. 2001); Jang v. Lee, 2005 WL 525527 (E.D.N.Y.); Cole v. U.S., 2003 WL 21909758 (E.D.N.Y.); N.A.A.C.P. v. Acusport Corp., 216 F. Supp. 2d 59 (E.D.N.Y. 2002). A District Court has the power to *sua sponte* vacate an order granting summary judgment. Economist's Advocate, LLC v. Cognitive Arts Corp., 2004 WL 728874 (S.D.N.Y.).

I recognize that relief from the September 30th Order would usually be sought via motion to the United States Court of Appeals for the Second Circuit. Indeed, the Second Circuit has already demonstrated that it will recognize bias and prejudice in regard to an FDCPA ruling. See Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85 (2d Cir. 2008). Therein the Second Circuit affirmed that a district court abuses its discretion if it relies upon an "erroneous view of the law or on a clearly erroneous assessment of the evidence". Applying this rational, the September 30th Order evidences that Your Honor has clearly abused his discretion as said Order demonstrates an erroneous view of law and a clearly erroneous assessment of the evidence. However, as there must be a final adjudication of the herein action before any appeal to the Second Circuit may occur, and as the ramifications of Your Honor's actions has caused serious procedural problems in regard to the herein action, it would constitute an absolute injustice to compel the Plaintiff to engage in any further litigation before Your Honor so as to render the decisions issued by Your Honor ripe for appeal to the Second Circuit. Otherwise, the facts herein set forth numerous reasons justifying relief to the Plaintiff from the operation of the September 30th Order.

It is important to note that it is not my policy to accuse judges of bias and prejudice in regard to FDCPA matters. Indeed, I have commenced hundreds of FDCPA lawsuits since 1993 in federal courts throughout America. Most of said actions have been commenced in this district court. This is only the second time that I have asked a federal judge to recuse himself from an FDCPA matter based upon bias and prejudice. Importantly, I have no personal bias against Your Honor as I have never appeared before Your Honor. Indeed, for me this entire litigation has been fraught with "Wizard of Oz" overtones.

8

In closing, I respectfully request that Your Honor promptly render a decision in regard to the requests for relief set forth herein.

                                                  Respectfully submitted,

                                                  */s/ Robert L. Arleo*

                                                  Robert L. Arleo, Esq.

RLA:gra

cc: Paul Ohlson
    Vlock & Associates