**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, NY 12436

Telephone: (518) 589-5264                                 Facsimile: (518) 751-1801
Email R.Arleo@verizon.net

December 8, 2008

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
VIA - ECF FILING & U.S. MAIL

Re:   *Paul S. Foti, et al. vs. NCO Financial Systems, Inc.*
      Civil Action No. 1:04-cv-00707-RJS-DCF

Dear Judge Sullivan,

        As Your Honor may recall, I am counsel for the Plaintiffs and Class Counsel in the above-referenced civil action [Doc. 71]. As set forth below, I believe that the Defendant, NCO Financial Systems, Inc. ("NCO"), and its attorneys, have willfully violated the terms of this Court's permanent injunction granted and entered by Your Honor on February 20, 2007 [Doc. 71]. I am, therefore, requesting that Your Honor issue an immediate Order to Show Cause as to NCO why it should not be held in contempt and sanctioned for violating this Court's injunction entered on February 20, 2007.

        On February 20, 2007, Your Honor entered an Order granting final certification as a class action, and appointing me Class Counsel [Doc. 71]. In the Order, Your Honor certified the following National Class Members with respect to Count Two of the First Amended Complaint as:

        All persons who received a telephone communication from NCO between January
        29, 2000 and December 10, 2007, *i.e.*, the day the Order of Preliminary Approval of
        Class Action Settlement was entered, wherein NCO failed to (i) identify itself as a
        "debt collector" or "bill collector" and/or (ii) communicate the "mini-Miranda"
        required by 15 U.S.C. § 1692e(11) of the Fair Debt Collection Practices Act, or a
        similar state law.

        As a further part of the Order granting final certification, Your Honor finally approved and entered an injunction against Defendant, NCO Financial Systems, Inc. ("NCO"), for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* Your Honor's permanent

injunction against NCO states, in relevant part that:

(1) NCO shall, within 30 days after Final Judgment Day, use its best efforts to ensure that it identifies itself as a "debt collector" and/or "bill collector" in all Telephonic Communications to a debtor subject to the FDCPA;

(2) NCO Debt Collectors shall be trained  regarding their obligation to provide the advisory notice set forth in ¶ 1.

(3) NCO shall use its best efforts to ensure that all existing and newly hired NCO Debt Collectors execute an acknowledgement confirming their understanding of their obligation to provide the advisory notice set forth in ¶ 1.

(4) NCO shall not be deemed to be in violation of this Stipulated injunction in any respect if the Telephonic Communication is not subject to the FDCPA.

(5) Each month after the Stipulated Injunction is entered for a period of 1 year, counsel for NCO shall issue a letter to Class Counsel identifying all lawsuits filed against NCO during that month alleging the same class claims being settled in this matter. Further, each quarter after the Stipulated Injunction is entered for a period of 1 year, counsel for NCO shall issue a draft report to Class Counsel detailing how NCO has complied with the Stipulated Injunction. Counsel for NCO and Class Counsel shall confer via telephone after issuance of each draft report to discuss NCO's compliance and finalize the injunction report. The Parties will submit a joint motion to the Court to extinguish the Stipulated Injunction after the 1-year period is over.

(6) The Court shall retain jurisdiction to enter further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Stipulated Injunction. NCO specifically consents to personal jurisdiction and venue in this Court.

As a preliminary matter, NCO and its attorneys have not provided me with _**any**_ monthly reports for the past six (6) months. This is a direct violation of Your Honor's injunction.

In the reports that NCO provided several months ago, not once did it identify a single lawsuit, in which it is named as a defendant, and in which legal claims have been alleged that are covered by Your Honor's Injunction. During my recent telephone conversations with NCO attorney, Bryan Shartle, regarding NCO's failure to comply with Your Honor's injunction, Mr. Shartle argued that the injunction only applies to the reporting of filed "class action" lawsuits. As I advised Mr. Shartle, this argument is without merit, as the injunction clearly states "all lawsuits".

My preliminary investigation reveals that, since February 20, 2008, a total of 230 lawsuits have been filed against NCO across the United States of America. My initial investigation further reveals that a substantial number of these "newly filed" lawsuits involve "telephonic communications" with consumers wherein NCO violated, *inter alia*, 15 U.S.C. § 1692e(11). In sum,

these lawsuits involve claims and conduct covered by the injunction and NCO and its attorneys were ordered by this Court to identify those lawsuits to me in monthly reports; their failure to do so is a direct violation of Your Honor's injunction. To date, NCO has intentionally withheld this court-ordered information, and now, NCO and its attorneys have stopped providing monthly reports altogether. Again, this is a direct violation of Your Honor's injunction.

Additionally, NCO has not used its best efforts to ensure that it identifies itself as a "debt collector" and/or "bill collector" in all Telephonic Communications to a debtor subject to the FDCPA. This is required under the mandates of Your Honor's injunction. Indeed, I have learned that NCO has continued its practice of leaving "pre-recorded" and "live" telephonic voice messages for consumers wherein it does not communicate the "mini-Miranda" required by 15 U.S.C. § 1692e(11). On multiple occasions NCO has been made aware of a significant number of affected consumers who continue to receive these violative telephone messages have not yet filed a lawsuit against NCO; yet, NCO continues to leave violative telephone messages.

In sum, NCO's blatant failure to comply with the mandates of *their own stipulated* injunction, which was entered by Your Honor in this case, shows that NCO simply agreed to the stipulated injunction as a ruse to avoid paying hundreds of thousands of dollars in class damages and attorney fees and so it could continue violating the FDCPA in the same manner.

In light of the above facts, I hereby request that Your Honor issue an immediate Order to Show Cause why NCO and its attorneys should not be held in contempt and sanctioned for having clearly violating this Court's injunction entered on February 20, 2007. As part of this request, I further request that the Court reopen this lawsuit, permit me to conduct discovery of NCO violations and prepare a report for the Court, and to recover all fees and costs associated with this letter motion and any additional work stemming from NCO's violation of the injunction.

Sincerely,

*/s/ Robert L. Arleo*

Robert L. Arleo, Esq.

RLA:gra
cc:    David Israel, Esq.
       Bryan C. Shartle, Esq.
       Kevin B. McHugh, Esq.
       Clients